UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAHMOL FACEN,<br><br>        Plaintiff,<br><br>    v.<br><br>ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Case No. 18-cv-03196-DMR<br><br>**ORDER ON MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 23 |

Plaintiff Jahmol Facen filed a complaint seeking to reverse the Commissioner of the Social Security Administration's administrative decision to deny his application for benefits under the Social Security Act, 42 U.S.C. § 401 *et seq*. The court granted the parties' stipulation to remand the action for further administrative proceedings. [Docket No. 17.] Following remand, an Administrative Law Judge ("ALJ") found that Plaintiff is disabled and entitled to past-due disability benefits. Plaintiff's counsel Nancy K. McCombs now moves for an award of attorneys' fees under 42 U.S.C. § 406(b). [Docket No. 23.] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motion is granted.

**I.     BACKGROUND**

This is the second case Plaintiff filed in this court seeking review of a final decision by the Commissioner of Social Security denying him Supplemental Security Income ("SSI") disability benefits. Plaintiff applied for SSI benefits in April 2007, alleging disability beginning in December 2006. Administrative Record, "A.R." 115. His application was initially denied in July 2007 and again on reconsideration in December 2007. Following a hearing in March 2009, an ALJ issued a decision in April 2009 finding Plaintiff not disabled. A.R. 115-125. The Appeals Council granted Plaintiff's request for remand, and after a remand hearing, the ALJ issued another

1   decision in April 2010 finding Plaintiff not disabled. A.R. 20-29, 126-129. Plaintiff filed an

2   action in this court seeking review of the decision. Case No. 12-cv-4648-LB, *Facen v. Astrue*

3   (N.D. Cal., filed Sept. 5, 2012). In August 2013, the court remanded the case to the ALJ for

4   further proceedings. [Docket No. 28, Case No. 12-cv-4648.] The court subsequently approved

5   the parties' stipulation for an award of $2,448.73 in attorneys' fees and $380.97 in costs pursuant

6   to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). [Docket No. 40, Case No. 12-

7   cv-4648.]

8   An ALJ held another hearing in May 2014 and found Plaintiff not disabled. A.R. 694-705.

9   Plaintiff appealed the denial and the Appeals Council remanded the case to a different ALJ. A.R.

10  714-717. Following yet another hearing (Plaintiff's fourth), the ALJ issued an unfavorable

11  decision in May 2017. A.R. 530-546. The Appeals Council denied Plaintiff's request for review,

12  A.R. 505-506, and he filed this case seeking review in May 2018. [Docket No. 1.] Plaintiff

13  moved for summary judgment in November 2018 and the parties subsequently stipulated to

14  remand the action for further administrative proceedings. [Docket Nos. 13, 14.] The court

15  granted the stipulation and remanded the action in January 2019 and entered judgment for

16  Plaintiff. [Docket Nos. 17, 18.] In April 2019, the court approved the parties' stipulation for an

17  award of $7,000 in EAJA attorneys' fees. [Docket No. 22.]

18  On May 19, 2020, the SSA approved Plaintiff's application for SSI benefits and awarded

19  him $125,548.04 in past-due disability benefits. Mot. Ex. B.

20  The retainer agreement between Plaintiff and McCombs permits McCombs to request an

21  attorneys' fees award of up to 25% of any past-due benefits awarded. Mot. Ex. A. McCombs is

22  requesting an award of attorneys' fees in the amount of $31,127. Of this amount, McCombs will

23  refund Plaintiff $9,448.73, which is the sum of the two EAJA fee awards in this case and in *Facen*

24  *v. Astrue*.

25  No party has objected to the request. [*See* Docket No. 24 (setting May 14, 2021 deadline

26  for any objections to McCombs's request).] The court ordered McCombs to submit supplemental

27  briefing in support of the motion, which she timely filed. [Docket Nos. 26-28.]

28

2

## II. LEGAL STANDARD

Under the Social Security Act, an attorney who successfully represents a claimant before a court may seek an award of attorneys' fees not to exceed 25 percent of any past-due benefits eventually awarded. 42 U.S.C. § 406(b). While contingency fee agreements are permissible in Social Security cases, section 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). In deciding whether a fee agreement is reasonable, courts must consider "the character of the representation and the results the representative achieved." *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (quoting *Gisbrecht*, 535 U.S. at 808). The court "first look[s] to the fee agreement and then adjust[s] downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Id.* While a court may consider an attorney's lodestar in deciding whether an award of fees under section 406(b) is reasonable, "a lodestar analysis should be used only as an aid (and not a baseline) in assessing the reasonableness of the fee." *Laboy v. Colvin*, 631 F. App'x 468, 469 (9th Cir. 2016).

An award of fees under section 406(b) must be offset by any award of fees under EAJA. *Gisbrecht*, 535 U.S. at 796.

## III. DISCUSSION

In this case, McCombs reports that she spent 40.55 hours litigating this case. [Docket No. 28-1 (McCombs Decl., Jul. 8, 2021) ¶ 3, Ex. A (timesheet).] She reports that she spent 27.95 hours litigating the previous case, *Facen v. Astrue*. *Id.* at ¶ 4, Ex. B (timesheet). This time does not include hours she expended at the administrative level. *See* McCombs's Decl. Exs. A, B. Therefore, granting McCombs's request of $31,127 in attorneys' fees would result in an effective hourly rate of $767.62 for this case, and $458.20 considering the hours expended in both cases.[1]

---

[1] The court calculates the effective hourly rate based on the requested fee award under section 406(b) without first deducting the EAJA fee award that will be refunded to Plaintiff. This is because section 406 establishes the "exclusive regime for obtaining fees for successful representation of Social Security benefits claimants." *Gisbrecht*, 535 U.S. at 795-96. An attorney may receive fee awards under both EAJA and section 406(b) but because section 406(b) fees are exclusive, the attorney must refund to the claimant the smaller of the fee awards. *Id.* at 796. In other words, the fee awards under those statutes are independent of each other and the court must

3

1    Upon considering the record and arguments, the court finds that fees requested are
2    reasonable. First, the requested fee amount does not exceed the statutory maximum of 25%. The
3    hours McCombs expended also appear to be reasonable. *See* McCombs's Decl. Exs. A, B.
4    Second, although the effective hourly rate is high, *Gisbrecht* and *Crawford* makes clear
5    that lodestar methodology should not drive fee awards under section 406(b). This is because "the
6    lodestar method under-compensates attorneys for the risk they assume in representing SSDI
7    claimants and ordinarily produces remarkably smaller fees than would be produced by starting
8    with the contingent-fee agreement." *Crawford*, 586 F.3d at 1149; *see also Gisbrecht*, 535 U.S. at
9    806 (emphasizing that the lodestar calculation is intended to govern in fee-shifting cases, not fee
10   awards under section 406(b)). Indeed, after *Gisbrecht*, "district courts generally have been
11   deferential to the terms of contingency fee contracts in § 406(b) cases, accepting that the resulting
12   de facto hourly rates may exceed those for non contingency-fee arrangements." *Hearn v.*
13   *Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (Infante, J.).
14   Third, California district courts have awarded comparable or greater fees under section
15   406(b). *See, e.g.*, *Morrieson v. Saul*, 2020 WL 2404614, at *1 (E.D. Cal. May 12, 2020)
16   (awarding $20,600 in attorneys' fees out of the claimant's total award of $106,446); *Truett v.*
17   *Berryhill*, 2017 WL 3783892, at *2 (S.D. Cal. Aug. 31, 2017) (awarding an attorney 24.9% of the
18   past-due benefits, which resulted in an effective hourly rate of $1,788.62); *Harrell v. Berryhill*,
19   No. 16-cv-2428-TSH, 2018 WL 4616735 (N.D. Cal. Sept. 24, 2018) (awarding $49,584.96 in
20   attorneys' fees, representing an effective hourly rate of $1,213.83 and 24.37% of the past-due
21   benefits); *Ainsworth v. Berryhill*, No. 16-cv-03933-BLF, 2020 WL 6149710, at *2 (N.D. Cal. Oct.
22   20, 2020) (finding an effective hourly rate of $1,325.34 reasonable); *Ciletti v. Berryhill*, No. 17-
23   cv-05646-EMC, 2019 WL 144584, at *2 (N.D. Cal. Jan. 9, 2019) (granting a fee request for

---

determine whether the total section 406(b) award is itself reasonable. *See Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1217 (9th Cir. 2012) ("[A]n award under § 406(b) compensates an attorney for *all* the attorney's work before a federal court on behalf of the Social Security claimant in connection with the action that resulted in past-due benefits." (emphasis added)); *see also Ainsworth v. Berryhill*, No. 16-cv-03933-BLF, 2020 WL 6149710, at *2 (N.D. Cal. Oct. 20, 2020) (calculating the effective hourly rate before deducting the EAJA award).

4

1  $35,442.00, which constituted 23.47% of the past-due benefits awarded).

2  Finally, nothing in the record suggests that McCombs provided substandard representation.
3  She achieved a substantial award of past-due benefits for her client. Plaintiff was served with
4  notice of the current motion and did not oppose. [*See* Docket No. 25 (Proof of Service).]

5  In light of the above considerations, the requested fee award is "not excessively large in
6  relation to the benefits achieved." *Crawford*, 586 F.3d at 1151.

## IV.  CONCLUSION

For the reasons stated above, the motion for attorneys' fees is granted. The court awards fees in the amount of $31,127. McCombs shall refund Plaintiff the $9,448.73 previously awarded under EAJA.

**IT IS SO ORDERED.**

Dated: July 23, 2021



Donna M. Ryu
United States Magistrate Judge